UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ALPHA FOUNDERS HOLDING, LLC,

                              Plaintiff,

    -against-

MAGELLAN HEALTH, INC.,

                             Defendant.

------------------------------------------------------------------ x

Index No. 17-CV-6225 (DLI)

Hon. Dora L. Irizarry

### DECLARATION OF ANTHONY COMO
### IN SUPPORT OF DEFENDANT'S OPPOSITION
### TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

I, Anthony Como, under penalty of perjury, declare as follows:

1.     I am an Associate General Counsel of Magellan Health, Inc. ("*Magellan*"). My responsibilities include support for the Corporate Secretary for both AlphaCare Holdings, Inc. ("*AlphaCare Holdings*") and AlphaCare of New York, Inc. ("*AlphaCare NY*") in preparing and circulating materials for the Boards of Directors of both entities as well as attending Board meetings.

2.     I have read the Declarations of Nicolas Tcherepnin and Matthew Peary and am familiar with their contents either through personal knowledge or as I have learned through my work at Magellan. I make this Declaration to specifically discuss three meetings of the Boards of Directors of both AlphaCare companies held on September 27, 2017, October 6, 2017 and October 25, 2017.

3.     I was involved with sending out the agendas for each of these Board meetings. I also attended each of these meetings. As such, this declaration is based on my own personal knowledge.

1

**The Merger Between AlphaCare NY and Senior Whole Health NY Was First Reviewed and Approved By The Boards of AlphaCare Holdings and AlphaCare NY At The September 27th Meeting**

4. Mr. Tcherepnin's Declaration discusses the rationale for the merger of AlphaCare NY with Senior Whole Health of New York, Inc. ("*Senior Whole Health NY*"). This transaction was fully discussed and approved at the Board meetings of both AlphaCare companies.

5. Prior to the September 27th meeting of the AlphaCare Holdings and AlphaCare NY Board, on September 22, 2017, a notice and accompanying documentation for that meeting was e-mailed to all five directors. (A copy of the September 22nd email notice with some of the relevant attached documents are attached hereto as Exhibit A; the full packet provided to directors was over 200 pages.) Two of those directors were Joel Landau and David Harrington, the two appointed directors of Plaintiff Alpha Founders Holding, LLC ("*Alpha Founders*").

6. Part of the circulated documentation was a two page "Agenda" for the September 27th AlphaCare NY Board Meeting. (Exhibit A.) Section 5(A) of that Agenda stated "Review of Summary of Proposed Transaction regarding proposed Agreement and Plan of Merger with Senior Whole Health of New York, Inc., attached hereto as Tab 2." (*Id*.) Tab 2 provided a detailed summary of that proposed transaction. (*Id*.) This summary was also provided as part of the circulated AlphaCare Holdings Board materials. The summary included the structure of the proposed transaction, valuations of both companies and the issuance of 2,000,000 shares of AlphaCare Holdings stock to Senior Whole Health NY as part of the transaction. (*Id*.) Also circulated was a draft engagement letter from Mercer Capital to provide an independent fairness opinion for the proposed merger transaction. (*Id*.)

7. The Alpha Founders Directors received the emailed agenda and accompanying documents. On September 26th, one of those Alpha Founders directors, Joel Landau, specifically asked about materials for the proposed transaction, emailing the following to Kim Kennedy, as Executive Assistant at Magellan, copying me:

> Kim, can you email the Summary of Proposed Transaction regarding proposed Agreement and Plan of Merger with Senior Whole Health of New York, Inc., attached hereto as Tab 2.

(A copy of the September 26th email chain between Joel Landau and Kim Kennedy is attached hereto as Exhibit B, along with an excerpt of the attachments that Ms. Kennedy re-sent to Mr. Landau)

8. Ms. Kennedy immediately wrote back and informed Mr. Landau that "Tab 2" was included in the materials that Mr. Landau had already received. (*Id.*) Ms. Kennedy's email nevertheless again forwarded those materials. (*Id.*) After Mr. Landau's specific inquiry about the location of documents concerning the proposed transaction, Mr. Landau did not write back asking for any further information.

9. All five of the Board members attended the September 27th Board Meeting which, as was the usual practice, was held by a conference call. The transaction was reviewed at that time and the Board members received the proposed Agreement and Plan of Merger. The Board then approved the Agreement and Plan of Merger between AlphaCare NY and SWH NY. The approval was confirmed in a Board Resolution, which had been attached as Tab 3 to the materials circulated on September 22nd (see Exhibit A) and stated, in part:

> RESOLVED: That the Board of Directors hereby determines that it is advisable, for regulatory and operational reasons, for the Corporation to merge with and into SWH Sub pursuant to the Subsidiary Merger, with SWH Sub to act as the Surviving Corporation….

10. The three Magellan directors voted to approve the transaction. The two Alpha Founders Directors, Joe Landau and David Harrington, did not vote against the transaction or object in any way. At the meeting, they instead abstained from voting.

11. Likewise, after the September 27th meeting neither Mr. Landau nor Mr. Harrington made any objection to the transaction. Nor did they seek further information or ask questions on this subject.

**The Notice for the October 6th Meeting**

12. After the September 27th Board approval, the next step in the process was to obtain actual Board and shareholder approval of the merger transaction. On October 4, 2017, a notice of a Special Meeting was circulated to all five members of the Boards of AlphaCare Holdings and AlphaCare NY. (A copy of the October 4th email notice with excerpts from the lengthy attachments are attached hereto as Exhibit C.) That notice specifically stated the purpose of the October 6th meeting as follows:

> The items to be considered at the Meeting by the AlphaCare Holdings, Inc. Board include the following matters:
>
> 1. Consideration of an request for approval of the fairness opinion from Mercer Capital (the "Financial Advisor") regarding the issuance of the Corporation new Common Stock to SWH Holdco in connection with the Subsidiary Merger.
>
> 2. Final approval of the Agreement and Plan of Merger between Senior Whole Health of New York, Inc. and AlphaCare of New York, Inc.
>
> 3. Ratify the Shareholder (AlphaCare Holdings, Inc.) approval of the Agreement and Plan of Merger between Senior Whole Health of New York, Inc. and AlphaCare of New York, Inc., a copy of which is attached hereto as Exhibit A.
>
> The items to be considered at the Meeting by the AlphaCare of New York, Inc. Board include the following matter:
>
> 1. Final Approval of the Agreement and Plan of Merger between

4

>Senior Whole Health of New York, Inc. and AlphaCare of New York, Inc.

(*Id*. at 2.)

13. In addition, Board and shareholder Resolutions were circulated to all of the Directors, with the intent that these Resolutions would be ratified at the October 6th meeting. (*Id*.) Moreover, a revised Agreement and Plan of Merger between AlphaCare NY and Senior Whole Health NY containing modifications requested by the DOH was included with the material circulated to Board members prior to the October 6th meeting. (*Id*.)

14. The two Alpha Founders directors, Mr. Harrington and Mr. Landau received the agenda and accompanying documents. David Harrington electronically accepted the emailed calendar invite to attend the October 6th meeting. (A copy of the Google Calendar notification of Mr. Harrington's acceptance is attached hereto as Exhibit D.) The other Director Joel Landau emailed that he could not make the meeting due to a religious holiday. However, he did not ask to adjourn the meeting to another date when he could attend. Nor did he make any other request, despite knowing the intended purpose of the meeting as a result of the circulated agenda. (*See* emails attached hereto as Exhibit E). I wrote back saying "I apologize for scheduling a meeting on a holiday but we are under NY DOH deadline so we need to keep the meeting as scheduled." (*Id*.) Mr. Landau did not respond or raise any issues about the subject matter of the meting reflected in the Board materials he received.

**The Alpha Founders Directors Did Not Attend
the October 6th Meeting Where the Merger Was
Approved**

15. All three of the Magellan appointed Directors attended the October 6th Board meeting. Despite having accepted the meeting invitation, Alpha Founders Board member

5

David Harrington did not attend. The Board members who were present proceeded to discuss the items on the agenda.

16. There was a discussion at the meeting of the independent fairness opinion given by Mercer Capital, which was the first item on the AlphaCare Holdings agenda. It was discussed that Mercer Capital had issued a verbal opinion that the proposed merger was fair to AlphaCare Holdings shareholders from a financial point of view and that Mercer Capital was expected to issue a formal written opinion shortly stating the same as its verbal opinion. The Board then resolved to accept the Mercer Capital fairness opinion and proceeded to discuss approving the merger.

17. The Board approved the Agreement and Plan of Merger with the modifications made as a result of DOH comments. The prior version of the Agreement and Plan of Merger had been approved at the September 27th Board meeting. On October 6th, the Board also ratified the shareholder approval of the Agreement and Plan of Merger.

**The October 25th Meeting**

18. A third Board meeting was originally scheduled for October 23rd. The purpose of the meeting was not to vote to approve the merger, as Alpha Founders' papers state. The merger had already been approved at the October 6th Board meeting. Instead, the purpose of the October 23rd meeting was to take steps to implement the Agreement and Plan of Merger that was previously approved on October 6th. At no time between the October 6th meeting and the October 23rd meeting did Alpha Founders or its two Directors, Mr. Landau and Mr. Harrington, raise any objection or issue with the merger.

19. The Agenda circulated to all directors in advance of the October 23rd meeting provided that the following items would be covered:

6

**AlphaCare of New York, Inc.**

The items to be considered at the Meeting by the AlphaCare of New York, Inc. Board include the following matter(s).

1. Authorize and direct the company to execute the Agreement and Plan of Merger approved by the Board of Directors at the meeting held on October 6, 2017.

2. Recommend to the sole shareholder of the company, AlphaCare Holdings, a reduction in the number of directors of AlphaCare of New York, Inc. from five (5) to three (3).

**AlphaCare Holdings, Inc.**

The items to be considered at the Meeting by the AlphaCare Holdings, Inc. Board include the following matter(s).  Please see the text of the Resolution of the Board of Directors included as Exhibit A.  The items below correspond to the headings in the Resolutions of the board of Directors:

a. Approval of Sixth Amended and Restated Certificate of Incorporation.  (The Sixth Amended and Restated Certificate of Incorporation is included as Exhibit B and a comparison of the Sixth Amended and Restated Certificate of Incorporation to the Fifth Amended and Restated Certificate of Incorporation is included for your convenience.)

b. Increase in Directors Comprising the Board.

c. Issuance of Corporation New Common Stock.

d. Subsidiary Merger.

e. Restructuring of Board of Directors of Subsidiary.

f. General Matters.

In addition, the Board shall consider authorizing AlphaCare Holdings, Inc. as the sole shareholder of AlphaCare of New York, Inc. to execute the Written Consent of Shareholder included as Exhibit C.

(A copy of the notice of the October 23rd Special Meeting of the Board of Directors of both

AlphaCare companies, and excerpts of the accompanying documents, are attached hereto as

Exhibit F.)

20. As to the second item on the agenda for the AlphaCare Holdings Board meeting, the Stockholder Agreement dated December 31, 2013 between Alpha Founders and Magellan Healthcare provides Alpha Founders with the right to two seats to the Board of AlphaCare Holdings. (*See* Beha Declaration in Support of Alpha Founders' Motion for a Temporary Restraining Order and Preliminary Injunction, Exhibit F.) This proposal did not at all seek to force Alpha Founders to relinquish its AlphaCare Holdings Board seats or alter its contractual right to those seats in any way.

21. Both of the Alpha Founders Directors, Mr. Harrington and Mr. Landau, attended the October 23rd meeting. At that time, Mr. Harrington asked for the Board meeting to be continued because he needed more time to review the materials and make a recommendation to the minority stockholders. He did not state that Alpha Founders wanted the time to start this lawsuit, which they did two days later.

22. The Board consented to Mr. Harrington's request and agreed to suspend the meeting until the afternoon of October 25th. I note that Mr. Harrington and Mr. Landau did not previously request that either the September 27th or October 6th meetings be adjourned, despite their having advance knowledge of the subject matter of each meeting.

23. The adjourned meeting was continued on October 25th. All Board members were present and the Board approved, by a vote of 3 to 2, the measures set forth on the agenda to implement the terms of the merger that was previously approved on October 6th. The two dissenting votes were cast by Mr. Harrington and Mr. Landau.

24. Subsequent to the approval of the merger by the New York State Department of Health (the "DOH"), AlphaCare NY began the process of mailing notices of the

pending merger to plan enrollees. An example of this notice is attached as Exhibit G. Notices were first sent later in the day on October 6th.

25. The notices were sent pursuant to the DOH Managed Long Term Care Policy 17.02, a copy of which is attached hereto as Exhibit H. This policy provides plan enrollees with a 60 day period to select a new plan.

26. Because of this DOH policy, the DOH will not approve the final merger until the expiration of the 60 day period after notices are sent. If this Court enjoins the merger from going forward, it is my understanding that AlphaCare NY will need to seek DOH approval to send new notices to plan enrollees advising that the merger is enjoined.

27. In addition, in order to remove any concern that the Court may have regarding the AlphaCare NY Board representation, the directors of Senior Whole Health NY, the surviving entity in the merger, have passed a resolution increasing the Board size to ten and adding the two Founders representatives currently on the AlphaCare NY Board to the Senior Whole Health NY Board effective immediately following the merger.

28. Magellan further stipulates that it will not take any action to remove the two Founders representatives from the Boards of AlphaCare Holdings or Senior Whole Health NY during the pendency of this action, unless there is a judicial determination in the interim establishing Magellan Healthcare's right to Alpha Founders' shares.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of November, 2017 in Pittsburgh, Pennsylvania.

_____
Anthony Como