**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 1, 2017

Writer's Direct Contact
+1 (212) 336.4079
JBeha@mofo.com

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Alpha Founders Holding, LLC v. Magellan Health, Inc.*, 17-cv-6225

Dear Chief Judge Irizarry:

We represent plaintiff Alpha Founders Holding, LLC ("Founders") and write to address whether AlphaCare Holdings, Inc. ("AlphaCare") is a necessary and required party. For the reasons discussed below, AlphaCare is not a necessary and required party.

As an initial matter, given that Your Honor's November 27 Order notes that AlphaCare was a party to the Kings County litigation, we wish to clarify that Founders voluntarily dismissed its claim against AlphaCare on September 10, 2017—several weeks before Founders initiated this action. In addition, the Kings County court recently granted Magellan's motion to compel arbitration and dismissed that action. Magellan and Founders have since agreed that the claims Founders asserted in Kings County will be heard in the Delaware Chancery Court action, to which AlphaCare is not a party.

Rule 19 "sets forth a two step inquiry for determining whether an action must be dismissed for failure to join an indispensable party."[1] "The first prong of the test," under Rule 19(a), "focuses on whether the party should be joined if feasible."[2] "Unless Rule 19(a)'s threshold standard is met, the court need not consider whether dismissal under Rule 19(b) is warranted."[3] If, and only if, the Court determines that the standard under Rule 19(a) is met, "the court must proceed to the second step of the indispensable party analysis" under Rule 19(b), "which requires it to assess whether or not, in equity and good conscience, the action should proceed in the necessary party's absence."[4]

### A.   AlphaCare is Not a Required Party Under Rule 19(a).

Under Rule 19(a), an absent party must be joined if feasible if either (1) "in that person's absence, the court cannot accord complete relief among existing parties" (Rule

---

[1] *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990).
[2] *Id.*
[3] *Id.*
[4] *Id.*

ny-1307056

MORRISON | FOERSTER

Honorable Dora L. Irizarry
Page Two

19(a)(1)(A)) or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest" (Rule 19(a)(1)(B)).

First, AlphaCare is not a required party under Rule 19(a)(1)(A) because the Court can accord complete relief among the existing parties in AlphaCare's absence. Founders has asserted a claim for equitable relief against Magellan, seeking an order enjoining Magellan from taking further steps to consummate the proposed merger between AlphaCare NY and SWH NY. Founders does not assert a claim against nor seek any relief from AlphaCare. Nor could it: Magellan, not AlphaCare, owes fiduciary duties to Founders as AlphaCare's controlling stockholder.[5] Thus, the Court can afford complete relief between Founders and Magellan in AlphaCare's absence and, as a result, AlphaCare is not a required party under Rule 19(a)(1)(A).[6]

Second, AlphaCare is not a required party under Rule 19(a)(1)(B). Under Rule 19(a)(1)(B), "[i]t is not enough … for a third party to have an interest, even a strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather necessary parties under [Rule 19(a)(1)(B)] are only those parties whose ability to protect their interests would be impaired *because of* that party's absence."[7]

While AlphaCare may be affected by the outcome here, it has not claimed and indeed does not have any "legal interest" in the litigation. AlphaCare NY and SWH NY have not entered into a merger agreement. Thus, AlphaCare has no contractual or other legal rights or obligations that would be affected by this litigation. While Magellan claims that AlphaCare's business may be affected by this litigation, an absent party's "financial interest is insufficient to make [it] a necessary party under Rule 19(a)."[8]

Moreover, even if AlphaCare had a legally cognizable interest in this litigation—which it does not—its absence here would not "as a practical matter impair or impede [AlphaCare's] ability to protect the interest."[9] Magellan, as AlphaCare's controlling stockholder, would direct AlphaCare's conduct of the litigation and Magellan can adequately protect any interest AlphaCare may have in its absence.[10] For this reason, courts often find

---

[5] *Alessi v. Beracha*, 849 A.2d 939, 950 (Del. Ch. 2004) (corporation "owes no fiduciary duty to" stockholder).
[6] *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir. 1996) ("'[C]omplete relief' can be accorded even without the Ministry, because nothing in the district court's statements or final judgment requires the Ministry to do anything or change any of its positions.").
[7] *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006) (emphasis in original).
[8] *Liberty Surplus Ins. v. McFaddens at Ballpark LLC*, 116 F. Supp. 3d 447, 462 (E.D. Pa. 2015) ("The term 'interest' in this context means a legally protected interest, not merely a financial interest in the action.").
[9] Rule 19(a)(1)(B)(i).
[10] *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 250–51 (4th Cir. 2000) ("If [a present party] is able adequately to represent [the absent party's] interest, we would be inclined to

MORRISON | FOERSTER

Honorable Dora L. Irizarry
Page Three

that absent corporate parents or subsidiaries of parties are not required parties even where their legal interests will be affected by the litigation.[11]

Finally, "an absent party is necessary under Rule 19(a)(1)(B)(ii) only if there is a risk that *an existing party* could be subject to incompatible obligations" as a result of the absent party's absence.[12] Magellan has not identified any risk that it could be subject to incompatible rulings as a result of AlphaCare's absence.

### B. AlphaCare is Not an Indispensable Party Under Rule 19(b).

"Rule 19(b) specifies four factors: (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit."[13] "*[V]ery few cases should be terminated* due to the absence of nondiverse parties unless … nonjoinder makes just resolution of the action impossible."[14]

The Rule 19(b) factors weigh against dismissal. Founders asserted claims against Magellan as the cause of Founders' harm, not AlphaCare, and AlphaCare would suffer no prejudice in the event of judgment here. In *CP Solutions*, the Second Circuit reversed the district court's finding that a party was indispensable where the complaint did not allege "any action attributable only to [the nondiverse entity]" and the diverse entity "would be subject to liability, and only by virtue of its own duties and actions."[15]

Magellan claims AlphaCare NY and SWH NY may suffer vague unknown "financial harm" if an injunction issues. (DB at 9.) But Magellan is created this purported problem. Lastly, even if Founders could obtain an adequate remedy in state court, "[t]he existence of a "state court forum … does not, by itself, make it appropriate to dismiss the federal action."[16]

\* \* \*

For these reasons, Founders submits that all necessary parties have been joined to this action.

Respectfully submitted,
/s/ James J. Beha II
James J. Beha II                                           CC:    All counsel of record (by ECF)

---

conclude that [the absent party's] ability to protect its interest is not impaired or impeded by its absence from this suit.").
[11] *See, e.g.*, *Pujol v. Shearson/Am. Express*, 877 F.2d 132, 135 (1st Cir. 1989) (defendant's subsidiary not a required party where "the Subsidiary's interests in this case are virtually identical to those of [the defendant]").
[12] *Williams-Sonoma Direct, Inc. v. Arhaus, LLC*, 304 F.R.D. 520, 533 (2015) (W.D.Tenn.).
[13] *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d. Cir. 2009).
[14] *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) (emphasis added).
[15] 553 F.3d at 159-60.
[16] *Samaha v. Presbyterian Hosp. in City of New York*, 757 F.2d 529, 531 (2d Cir. 1985).

ny-1307056